# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION AT COLUMBUS

| | | |
|---|---|---|
| ANDREW ECKSTEIN, | : | Case No. 2:24-cv-1072 |
| Plaintiff, | : | |
| vs. | : | Judge James L. Graham |
| | : | Magistrate Judge Kimberly A. Jolson |
| UNKNOWN DEPUTIES AT FRANKLIN COUNTY CORRECTIONS CENTER II, *et al.*, | : | |
| Defendants. | : | |

## ORDER and
## REPORT AND RECOMMENDATION

Plaintiff Andrew Eckstein recently filed an Amended Complaint with this Court as ordered. (Doc. 8, 9).  Plaintiff is a state prisoner proceeding in this case *in forma pauperis* and without the assistance of counsel.  (*Id*.)  The matter is currently before the Court to conduct the required screening of the Amended Complaint (Doc. 9) to determine whether it, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  *See* 28 U.S.C. § 1915(e)(2); 28 U.S.C. § 1915A.  The Amended Complaint (Doc. 9) supersedes (or replaces) the original Complaint (Doc. 1).

In the Amended Complaint, Plaintiff alleges that unknown deputies and medical staff affiliated with the Franklin County Corrections Center II ("FCCCII") and Armor Health failed to protect him and to provide him required medical care in 2023 when he was in custody as a pre-trial detainee.  (Doc. 9).  As previously summarized:

> Plaintiff's [original] Complaint concerns the conditions of his confinement at Franklin County Corrections Center. Plaintiff alleges that Defendants' failure to

> treat his medical needs while incarcerated at Franklin County Corrections Center resulted in Plaintiff having "stroke-like symptoms," for which he was transported by ambulance to a local hospital. He contends that he was not examined by medical staff until six days following his discharge from the hospital. (*Id.* at 3-4). Plaintiff also alleges that he was assaulted by multiple inmates, and he was never properly observed for his injuries. He asserts that after the assault, an inmate dragged his "barely conscious body" to the video visitation kiosk to show the staff what had occurred. Plaintiff claims that his medical needs resulting from the assault were not addressed until after his arraignment in court the next morning, despite his obvious physical injuries. (*Id.* at 4-5).

(Doc. 6 at 1). The Amended Complaint appears to raise the same claims. (Doc. 9 at 5, 7–8).

Initially, Plaintiff raised these claims against FCCCII (the jail); Armor Health, "the company that operates medical care" at FCCCII; and Dallas Baldwin, the Sheriff of Franklin County. (Complaint, Doc. 1 at 1, 3–5; *see also* Order, Doc. 8 at 4–8). The Amended Complaint raises them against the individual deputies and medical staff allegedly involved in these events, although their names are unknown. (*See* Doc. 9 at 4). These two groups and individuals are identified on the following chart. To the right is the date Plaintiff has identified for his interactions (or lack thereof) with each.

| **Unknown Deputies at FCCCII** | **Date** |
|---|---|
| Unknown 1st Shift Deputies at FCCCII | February 21, 2023 |
| Unknown 2nd Shift Deputies at FCCCII | February 21, 2023 |
| Unknown Arraignment Deputies | February 21, 2023 |
| **Unknown Medical Staff – Armor Health, at FCCCII** | **Date** |
| Unknown Nursing Staff at FCCCII, Armor Health | February 19, 2023 |
| | February 21, 2023 |
| | February 22, 2023 |
| Unknown Institutional Physician | July 23, 2023 |

(Doc. 9 at 1, 4).

At this early stage in the proceedings, without the benefit of an answer or other briefing, the Undersigned concludes that Plaintiff's Fourteenth Amendment claim for deliberate

2

indifference to serious medical needs under 42 U.S.C. § 1983 may **PROCEED** to further development.  *See generally Grote v. Kenton Cnty., Kentucky*, 85 F.4th 397, 405 (6th Cir. 2023) (quoting *Greene v. Crawford Cnty.*, 22 F.4th 593, 607 (6th Cir. 2022)) ("To make out a deliberate indifference claim under the Fourteenth Amendment, "a plaintiff must demonstrate (1) an objectively serious medical need; and (2) that the defendants, analyzed individually, acted (or failed to act) intentionally and either ignored the serious medical need or 'recklessly failed to act reasonably to mitigate the risk the serious medical need posed.'").  The Undersigned expresses no opinion at this time on the merits of this claim or whether there may be defenses or procedural bars that will prevent Plaintiff from ultimately obtaining relief.

With respect to Plaintiff's claim alleging that second shift deputies failed to protect him from an assault by other inmates on February 20 or 21, 2023, the Undersigned **RECOMMENDS** that this claim be **DISMISSED** without prejudice for failure to state a claim on which relief may be granted.  While "jail officials are obligated to protect pretrial detainees from violence at the hands of other prisoners," *Reece v. Carey*, No. 22-5275, 2023 WL 3003191, at *4 (6th Cir. Apr. 19, 2023), Plaintiff does not provide sufficient facts to support his claim that second shift deputies at FCCCII should be held liable for this attack.  Plaintiff does not allege that deputies caused or had any advance warning about the attack, which occurred a day or so after Plaintiff's arrest and for unknown reasons, or that deputies were present and ignored it or failed to act to prevent it, or that they acted intentionally in any way with respect to a risk to Plaintiff.  *Compare Reece*, 2023 WL 3003191, at *1 (where an officer told one of the plaintiff's cellmates that he did not like the plaintiff and asked the cellmate to "take care of" him, leading to an assault).

> Courts employ a four-prong test to assess pretrial detainee failure-to-protect claims.  Under that test, an officer violates the Fourteenth Amendment when (1) he acts intentionally 'with respect to the conditions under which the plaintiff was confined,' (2) those conditions 'put the plaintiff at substantial risk' of harm, (3) he

3

      does not take reasonable steps to abate that risk, and (4) by failing to do so he actually causes the plaintiff's injuries."

*Reese*, 2023 WL 3003191, at *4 (cleaned up and citations omitted).

      Here, Plaintiff appears to allege that the second shift deputies are liable simply because they were working when the attack occurred. That is not the appropriate standard. *Id.*; *see generally Farmer v. Brennan*, 511 U.S. 825, 834 (1994) ("It is not . . . every injury suffered by one prisoner at the hands of another that translates into constitutional liability for prison officials responsible for the victim's safety."). Accordingly, while the claim against Defendants for their alleged inaction *after* the assault may proceed, Plaintiff has not alleged enough facts in the Amended Complaint for his claim based on the assault itself. His apparent failure-to-protect claim against the second shift deputies should therefore be **DISMISSED**.

      Ordinarily, the next step in a civil case is for the complaint and summons to be served on the defendants. Here, however, none of the Defendants have been identified and they cannot be served at this time. While this is not reason to dismiss the claims, it does present a challenge for the efficient handling of the case. *See Robinson v. Doe*, No. 1:07-cv-729, 2009 WL 650383, at *2 (S.D. Ohio March 10, 2009) ("Although designation of a 'John Doe' or 'unknown' defendant is not favored in the federal courts, it is permissible when the identity of the alleged defendant is not known at the time the complaint is filed and plaintiff could identify defendant through discovery.").

      Under these circumstances, it is appropriate to permit service of the Amended Complaint on a high-ranking official who could identify the unknown defendants through discovery. Dallas Baldwin, the Franklin County Sheriff, is in a position to know or determine the identities of the deputies and medical staff that Plaintiff sues, as one division of his office oversees FCCCII. The Court shall order service of the Summons and Amended Complaint on Sheriff Baldwin *for this*

4

*limited purpose only*. Therefore, Plaintiff is **ORDERED** to file a completed U.S. Marshal form and summons form for Dallas Baldwin within twenty-one (21) days.

Once Sheriff Baldwin is served and has filed a response to the Amended Complaint, Plaintiff shall be permitted to serve discovery on him to determine the identities of the unknown defendants.[1] Upon discovery of the full names of the unknown defendants, Plaintiff will be required to amend his complaint to identify them, and Sheriff Baldwin will be dismissed. *See Slocum v. Bear*, No. 1:18-cv-423, 2019 WL 2234227, at *3 (S.D. Ohio May 6, 2019), *report and recommendation adopted*, 2019 WL 2233633 (S.D. Ohio May 23, 2019); *Murray v. Ohio Dep't of Corr.*, No. 1:14-cv-168, 2014 WL 1382401, at *4 (S.D. Ohio Apr. 8, 2014). *See also Mincy v. Hamilton Cnty. Just. Ctr.*, No. 1:20-cv-00822, 2021 WL 5754729, at *5 (S.D. Ohio Dec. 3, 2021) (and numerous cases cited therein) ("The Court, however, believes that adding [Hamilton County, Ohio] Sherriff McGuffey as a party for the limited purpose of identifying the full names of the Defendants is the more pragmatic and expeditious option that preserves both this Court's and the U.S. Marshal's limited resources while acknowledging the serious nature of the allegations that Plaintiff raises in his complaint.").

Before service may be issued on the unknown defendants, Plaintiff must file a Motion to Issue Service that identifies them by name. Plaintiff is **ORDERED** to file this Motion to Issue Service if and when he discovers the identity of the unknown defendants. The Motion must attach a completed U.S. Marshal form and summons form for each defendant to be served. Plaintiff is **ADVISED** that no service will be issued on the unknown defendants unless he complies with this Order. He should not delay. *See generally Cox v. Treadway*, 75 F.3d 230, 240 (6th Cir. 1996) ("Sixth Circuit precedent clearly holds that new parties may not be added after the statute of

---

[1] Plaintiff suggests he can identify the unknown defendants from photos or videos, or from a roster of those working on the identified dates, or from statements he gave while at FCCCII. (Doc. 9 at 4).

limitations has run"); Fed. R. Civ. P. 4(m) (concerning time limits for service).

## Summary

Having screened the Amended Complaint, the Undersigned will **PERMIT** Plaintiff's claim for deliberate indifference to a serious medical need to **PROCEED** to further development. (Doc. 9). The Undersigned **RECOMMENDS** that the Court **DISMISS** his failure-to-protect claim because the allegations do not state a claim on which relief may be granted. 28 U.S.C. §§ 1915 and 1915A.

Plaintiff is **ORDERED** to file a completed U.S. Marshal form and summons form for Dallas Baldwin within twenty-one (21) days. Once Plaintiff files this, United States Marshal Service is **DIRECTED** to serve a copy of the Summons, the Amended Complaint, and this Order on Sheriff Baldwin. The costs of service shall be advanced by the United States.

The Clerk of Court is **DIRECTED** to terminate Franklin County Corrections II and Armor Health as parties on the docket, as they are not named as defendants in the Amended Complaint. (Doc. 9). The Clerk shall designate Sheriff Baldwin as an interested party, rather than as a defendant, for the reasons discussed above.

Plaintiff is **ORDERED** to file a Motion to Issue Service once he discovers the identities of the unknown defendants. He is also reminded that he must keep this Court informed of his current address, and promptly file a Notice of New Address if he is released or transferred.

## Notice Regarding Objections to this Report and Recommendation

If any party objects to this Report and Recommendation ("R&R"), the party may serve and file specific, written objections to it **within fourteen days** after being served with a copy thereof. Fed. R. Civ. P. 72(b). All objections shall specify the portion(s) of the R&R objected to and shall be accompanied by a memorandum of law in support of the objections. The Court may extend the

14-day objections period if a timely motion for an extension of time is filed.

A Judge of this Court will make a *de novo* determination of those portions of the R&R to which objection is made. Upon proper objection, a Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence, or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the R&R will result in a waiver of the right to have the District Judge review the R&R *de novo*, and will also operate as a waiver of the right to appeal the decision of the District Court adopting the R&R. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

**IT IS SO ORDERED.**

Date: May 2, 2024                                  /s/ Kimberly A. Jolson
                                                   KIMBERLY A. JOLSON
                                                   UNITED STATES MAGISTRATE JUDGE