UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION AT COLUMBUS

| | |
|---|---|
| ANDREW ECKSTEIN, | : Case No. 2:24-cv-1072 |
| Plaintiff, | : |
| vs. | : Judge James L. Graham |
| | : Magistrate Judge Kimberly A. Jolson |
| UNKNOWN DEPUTIES AT FRANKLIN COUNTY CORRECTIONS CENTER II, *et al.*, | |
| Defendants. | |

**REPORT & RECOMMENDATION**

This matter before the Court is Plaintiff's failure to respond to a show cause order. For the following reasons, the Undersigned **RECOMMENDS** Plaintiff's Amended Complaint (Doc. 9) be **DISMISSED** for failure to prosecute.

**I. BACKGROUND**

Briefly, Plaintiff, who proceeds *pro se*, alleges that unknown deputies and medical staff affiliated with the Franklin County Corrections Center (FCCCII) and Armor Health failed to protect him and provide him required medical care in 2023 when he was in custody as a pre-trial detainee. (*See* Doc. 9 (amended complaint)). On a screen of his amended complaint, the Undersigned recommended Plaintiff's alleged failure-to-protect claim be dismissed but allowed his claim of deliberate indifference to a serious medical need to proceed for further development. (Doc. 10). That report and recommendation remains pending.

Because Plaintiff alleged the proceeding claim against unknown Defendants, the Court allowed Plaintiff to serve Franklin County Sheriff Dallas Baldwin a copy of the amended complaint for the limited purpose of determining the identities of the deputies and medical staff.

(Doc. 10 at 4–5; *see also* Doc. 18).  The Court ordered Plaintiff to serve discovery requests on Baldwin and then file a Motion to Issue Service with attached U.S. Marshal forms and summons forms by August 26, 2024.  (Doc. 19).

On July 18, Baldwin notified the Court that Plaintiff still had not served him with discovery requests.  (Doc. 20).  And Plaintiff subsequently missed his deadline to file the Motion to Issue Service.  At that point, the Court had twice warned Plaintiff that he must file a Motion to Issue Service as to the currently unnamed Defendants or else no service would be issued.  (Doc. 10 at 5; Doc. 19 at 2).

The Court then ordered Plaintiff to show cause by September 10, 2024, why this action should not be dismissed for failure to prosecute and warned that failure to respond would result in this case being dismissed.  (Doc. 21).  That order was mailed to Plaintiff on August 27.  A staff note reflects that Plaintiff, who is not currently incarcerated (*see* Doc. 11), notified the Clerk's office on September 5 that the Show Cause Order was damaged in the mail.  The Clerk's office mailed him another copy that same day.  Now well past the September 10 deadline, Plaintiff has not responded to the Show Cause Order, filed a Motion to Issue Service, or otherwise filed a motion for an extension of time to respond.

**II.     DISCUSSION**

The Court's inherent authority to dismiss an action because of a party's failure to prosecute is expressly recognized in Rule 41(b), which authorizes involuntary dismissal for failure to prosecute or to comply with rules of procedure or court orders.  *See* Fed. R. Civ. P. 41(b); *see also Chambers v. Nasco, Inc.*, 501 U.S. 32, 49 (1991) (noting that "a federal district court has the inherent power to dismiss a case *sua sponte* for failure to prosecute" as recognized in *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–32 (1962)).  "This measure is available to the district court

as a tool to effect management of its docket and avoidance of unnecessary burdens on the tax-supported courts and opposing parties." *Knoll v. AT & T*, 176 F.3d 359, 63 (6th Cir. 1999).

The Sixth Circuit directs the district courts to consider the following four factors in deciding whether to dismiss an action for failure to prosecute under Rule 41(b):

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Schafer v. City of Defiance Police Dep't.*, 529 F.3d 731, 737 (6th Cir. 2008) (citing *Knoll*, 176 F.3d at 363). "'Although typically none of the factors is outcome dispositive, . . . a case is properly dismissed by the district court where there is a clear record of delay or contumacious conduct.'" *Schafer*, 529 F.3d at 737 (quoting *Knoll*, 176 F.3d at 363).

On balance, the factors set forth in *Schafer* support dismissal. First, despite being afforded sixty days to do so, Plaintiff failed to file a Motion to Issue Service as ordered. And then, he failed to respond to the Court's Show Cause Order by the imposed deadline. Though Plaintiff's copy of the Show Cause Order was seemingly damaged in the mail, he has made no effort in the almost three weeks since the Clerk remailed the order to respond or otherwise move for an extension of time to respond. What's more, because the Show Cause Order centers on materials necessary for any Defendant to be properly served, Plaintiff has effectively brought this case to a halt. This demonstrates, to some extent, Plaintiff has "a reckless disregard for the effect of [his] conduct on [the Court's] proceedings[,]" and thus acted with willfulness, bad faith, or fault. *Schafer*, 529 F.3d at 737 (quoting *Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005)).

Since no Defendant has been served—or even named—there is little risk of prejudice. *Cf. Wilson v. T.D.O.C.*, No. 1:17-CV-348, 2018 WL 4006781, at *2 (E.D. Tenn. Aug. 22, 2018)

3

(dismissing a case for failure to prosecute even though there were no named Defendants). But the remaining factors also weigh in favor of dismissal. As described above, the Court has twice warned Plaintiff that he must file a Motion to Issue Service as to the currently unnamed Defendants or else no service would be issued. (Doc. 10 at 5; Doc. 19 at 2). And the Show Cause Order warned Plaintiff that if he did not respond, this action would be dismissed. (Doc. 21).

Further, the Undersigned considered less drastic sanctions than dismissal but concludes that any such effort would be futile given Plaintiff's failure to participate in these proceedings. *Grange Mut. Cas. Co. v. Mack*, 270 F. App'x 372, 377 (noting that a court must simply "consider" lesser sanctions but is not required to actually issue such sanctions before granting a dismissal for failure to prosecute).

In view of the foregoing, the Undersigned concludes Plaintiff has abandoned this action. Although this Court has a "favored practice of reaching a disposition on the merits," the Court's "need to manage its docket [and] the interest in expeditious resolution of litigation . . ." outweigh allowing this case to linger. *Little v. Yeutter*, 984 F.2d 160, 162 (6th Cir. 1993).

### III. CONCLUSION

For the foregoing reasons, the Undersigned **RECOMMENDS** Plaintiff's Amended Complaint (Doc. 9) be **DISMISSED** for failure to prosecute.

### Procedure on Objections

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A District Judge of this Court shall make a *de novo* determination of those portions of the Report or specific proposed findings or recommendations to which

4

objection is made. Upon proper objection, a District Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence, or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the district judge review the Report and Recommendation *de novo* and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

Date: September 25, 2024            /s/ Kimberly A. Jolson
                                                      KIMBERLY A. JOLSON
                                                      UNITED STATES MAGISTRATE JUDGE